# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CRIMINAL CASE STANDING ORDER RE: PROCEDURE FOR REVIEW OF DETENTION ORDERS IN LIGHT OF CORONAVIRUS PANDEMIC | **Magistrate Judge Carla Baldwin** <br> **Effective March 23, 2020** |

The undersigned issues this criminal standing order on March 23, 2020, in response to the coronavirus pandemic. It applies to every open criminal case in which the undersigned ordered a criminal defendant to be detained and that defendant is presently held in custody awaiting trial. Most detainees in this District are presently housed at the Washoe County Jail in Reno, Nevada. Defendants detained by other judges are not covered by this standing order. A copy of this order will also be provided to the offices of the Federal Public Defender, the United States Attorney, the CJA attorney coordinator, U.S. Pretrial Services, and posted publicly on the Court's web page.

Under the Bail Reform Act, 18 U.S.C. § 3145(f)(2), a detention hearing may be reopened at any time before trial if the judicial officers finds that information exists that was not known to the movant at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. Two of the detention or release factors (among others) to be considered by the judicial officer are (1) the person's "physical and mental condition" (3145(g)(3)(A)), and (2) the nature and seriousness of the danger to any person or the community that would be posed by the person's release (3145(g)(4)).

The Crime Victims' Rights Act, 18 U.S.C. § 3771, also provides crime victims the statutory right to be reasonably protected from the accused, to reasonable notice of any public court proceeding involving the crime or release of the accused, the right to be reasonably heard and not excluded from public court proceedings, the right to be treated

with fairness and respect, the right to confer with the attorney for the Government in the case, the right to proceedings free from unreasonable delay, and the right to be informed of the rights under the Act. The court shall ensure the crime victim is afforded the rights described in the Act. 18 U.S.C. § 3771(b)(1).

This standing order sets forth the procedure for any request to reopen a detention hearing on the basis of the physical and mental condition of the accused. This public health crisis is serious and urgent. Counsel should not delay in evaluating whether any defendant should have his or her detention hearing reopened.

1. Counsel for the Government and accused must first meet and confer, either by video conference or telephonically, in an effort to determine if they can stipulate to the re-opening of the detention hearing.
2. The Government must provide notice and an opportunity to confer and be reasonably heard to any crime victim.
3. If a stipulation to re-open detention is reached by the parties, the stipulation must be filed in the CM/ECF system and a copy must be provided to Pretrial Services. The stipulation must state if the accused agrees to waive his or her appearance at the re-opened detention hearing or if he or she consents to be present by videoconference. Upon receipt of the stipulation, the court will set hearing.
4. If the parties do not reach a stipulation, a motion to reopen may then be filed. Any motion to re-open must be filed on the CM/ECF system and must include a declaration describing the meet and confer efforts taken by the parties. The motion must also state if the accused agrees to waive his or her appearance at any re-opened detention hearing or if he or she consents to be present by videoconference.

5.  Once a motion to reopen detention is filed, the opposing party shall have seven court (7) days to respond and the party who filed the motion, shall have three court (3) days to file any reply.

**IT IS SO ORDERED.**

**DATED**: March 23, 2020

_____
**UNITED STATES MAGISTRATE JUDGE**

3